UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF JOSEPHINE COSIO, et al,

    Plaintiffs,

v.                                                CASE NO: 8:04-cv-3-T-23EAJ

DENNIS F. ALVAREZ, et al,

    Defendants.

_____/

**ORDER**

    Carl W. Cosio and the Estate of Josephine Cosio ("the plaintiffs") sue for deprivation of property in violation of the Fifth and Fourteenth Amendments and for violations of 42 U.S.C. §§ 1983 and 1985 (Doc. 64).  The plaintiffs also sue for breach of fiduciary duty, malicious prosecution, abuse of process, and intentional infliction of emotional distress (Doc. 64).  This case stems from a guardianship action previously adjudicated in state court.  The defendants include retired Hillsborough County Chief Judge F. Dennis Alvarez ("Judge Alvarez"); Leroy Merkle, an attorney ("Merkle"); Barbara Boyd Keithly, a licensed provider of guardianship services ("Keithly"); Beverly Enterprises, owner of Tampa Health Center ("Beverly Enterprises"); Dr. Oswald Williams, a physician employed by the Tampa Health Center ("Dr. Williams"); and, Dr. Rene A. Boothby, a practicing physician ("Dr. Boothby").

    At all times relevant to the complaint, Judge Alvarez acted in his official capacity as a member of the Florida judiciary.  Every member of the Florida judiciary enjoys

absolute judicial immunity.  See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  Id. at 359.  See Bolin v. Story, 225 F.3d 1234, 1239-42 (11th Cir. 2000).  Allegations of bad faith or malice fail to overcome judicial immunity.[1]  Mireless v. Waco, 502 U.S. 9, 11 (1991).  Accordingly, Judge Alvarez's motion to dismiss (Doc. 67) is **GRANTED** and all claims against Judge Alvarez are **DISMISSED WITH PREJUDICE**.

The complaint alleges (Doc. 64, at 16-26) that Merkle and Keithly violated the plaintiffs' Fourteenth Amendment liberties under 42 U.S.C. § 1983 and deprived the plaintiffs of property without due process of law in violation of the Fifth and Fourteenth Amendments.  Throughout the complaint, the plaintiffs allege in a conclusory manner that Merkle and Keithly are "state actors" who acted "under the color of law as a result of the guardianship statutes established by Florida law and the State of Florida" (Doc. 64).  The plaintiffs essentially claim that, by acting according to Florida's guardianship statutes, these otherwise private defendants became state actors.  If the defendants' conduct satisfies the state-action requirement of the Fourteenth Amendment, the same conduct also constitutes action "under color of state law" for purposes of Section 1983.  Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982).

Merkle and Keithly are private citizens who are neither employed nor directed by the state.  Their initiation of and participation in the guardianship process does not

---

[1] Citation in this order to the legal standards of "grave procedural error," "bad faith," and "malice" carries no implication that former Chief Judge Alvarez's adjudications include an example of any of these three.

become a state action merely because it is allowed by state statute. See, e.g., Dahl v. Akin, 630 F.2d 277 (5th Cir. 1980). "[O]ne who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process." Cobb v. Georgia power Co., 757 F.2d 1248, 1251 (11th Cir. 1985). To hold otherwise, as Judge Posner reasoned in Spencer v. Lee, 864 F.2d 1376 (7th Cir. 1989) (en banc), cert. denied, 494 U.S. 1016 (1990), would be to insist that a citizen's arrest, a creditor's repossession of chattel, or a property owner's ejection of a trespasser qualify as state action even though these are merely private activities authorized by state law. 757 F.2d at 1379-81. The plaintiffs' Fifth Amendment, Fourteenth Amendment, and Section 1983 claims against Merkle and Keithly are **DISMISSED WITH PREJUDICE.**

The plaintiffs also allege (Doc. 64, at 27-33) that Beverly Enterprises, Dr. Williams, Dr. Boothby, Merkle, and Keithly conspired to deprive the plaintiffs of various constitutional rights under 42 U.S.C. § 1985(3). Claims brought under Section 1985(3) are strictly limited to those alleging racial or class-based animus. Kimble v. D.J. McDuffy, Inc., 648 F.2d 340, 345 (5th Cir. 1981). In Kimble, the court held that 42 U.S.C. § 1985 encompasses only those conspiracies motivated by an animus against the kind of classes Congress sought to protect when it enacted the Ku Klux Klan Act in 1871. 648 F.2d at 345-46. Thus, to properly plead a violation of Section 1985(3), the plaintiffs must allege that the defendants were motivated by some racial or otherwise class-based discriminatory animus. The plaintiffs' complaint fails to allege that the plaintiffs belong to a protected class of citizens entitled to the protections of 42 U.S.C.

§ 1985 or that any discriminatory animus motivated the defendants to participate in a conspiracy against the plaintiffs.  Therefore, the plaintiffs' Section 1985 claims are **DISMISSED**.

The complaint's remaining claims raise no federal question under 28 U.S.C. § 1331, and no basis for original jurisdiction exists.  Because the plaintiffs' federal claims are dismissed, the court, under 28 U.S.C. § 1367(c)(3), declines to exercise jurisdiction over any of the plaintiffs' remaining state claims.  Accordingly, all remaining state claims are **REMANDED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447 (c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on October 7, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy